## Simons v. American Box Ball Company.

(Decided April 30, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Sales—Evidence.—Where plaintiff sought to recover the purchase price of "goods, wares and merchandise sold and delivered by the plaintiff to the defendant at his special instance and request," and defendant claimed that the sale was made to him as agent for a park company, evidence examined, and held that

a finding in favor of plaintiff was not flagrantly against the evidence.

2. Contracts—Assumpsit—Evidence.—A written order for goods, signed by the purchaser alone. is not a complete written contract, and it is not error to admit it in evidence in an action of assumpsit by the seller for goods sold and delivered to the purchaser at his special instance and request.

GIFFORD & STEINFELD for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On May 3, 1912, L. Simons signed and delivered to the American Box Ball Company the following order:

"May 3, 1912.
"American Box Ball Company,
        . Indianapolis, Ind.

"Ship me immediately, 2 1911 Model Box Ball Alleys complete. Price $380.00 installed. Terms cash. Length of alleys to be 42 feet.
        "My postoffice address is Louisville, State Ky.
        "Ship Alleys to Town of Louisville, State Ky.
        "Ship by Penn. Railroad."
                (Signed)    "L. SIMONS."

The two box ball alleys were shipped and delivered to Simons at 304 Jefferson street, Louisville, Kentucky.

Payment being refused, plaintiff, American Box Ball Company, brought this action against defendant, Simons, to recover the sum of $380, alleging that defendant was indebted to it in that sum "for goods, wares and merchandise sold and delivered by the plaintiff to the defendant at his special instance and request in the year 1912." The allegations of the petition were denied by answer. By agreement of parties, a trial by jury was waived, and the law and facts were submitted to the court. After hearing the evidence the court separated its findings of law and fact. He found as a fact that the articles sued for were sold to the defendant upon a written order signed by him personally; that they were delivered to him personally upon the faith of this order, which stipulated the price. The court concluded as a matter of law that where one person orders and receives goods, wares and merchandise at a stipulated price, he is under an obligation to pay the price so stipulated.

Pursuant to these findings, judgment was entered in favor of plaintiff for the amount sued for. Defendant appeals.

It was the contention of Col. Simons that the sale was made to the Riverview Park Company; that the agent of plaintiff so understood when the sale was made. The evidence for plaintiff was to the effect that it would not sell to the park company, but made the sale to Col. Simons individually because of his personal credit. Col. Simons testified that the agent knew at the time of the purchase that he was buying the alleys for the park, and denied the agent's statement that plaintiff would not sell to the park, and that defendant was so informed. In view of the fact that the order was not signed by the Riverview Park Company, or by Col. Simons as its president or agent, but by him personally, and that the alleys were shipped to and delivered to him personally, it cannot be said that the court's finding is flagrantly against the evidence.

But defendant insists that as plaintiff declared in assumpsit, it was error to permit it to prove the written contract. In response to this contention it is sufficient to say that the paper signed by the defendant was not a complete contract. It was merely a written order or request to send the alleys. It imposed no obligation on defendant to receive the goods until accepted, or to pay for them until delivered. When goods are sold and delivered to another at his special instance and request, either an oral or written request may be shown. The court did not err, therefore, in admitting the evidence complained of.

Judgment affirmed.